HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DANIEL MOTHERWAY,<br><br>                      Plaintiff,<br><br>     v.<br><br>DANIEL N. GORDON, P.C., LVNV FUNDING, LLC,<br><br>                      Defendants. | Case No. 09-cv-05605-RBL<br><br><br>ORDER ON SUMMARY JUDGMENT |

THIS MATTER is before the court on Defendant's Motion for Summary Judgment [Dkt. #20] and Plaintiff's Cross-Motion for Partial Summary Judgment [Dkt. #23]. The case arises from the debt collection actions taken by Defendant Gordon, P.C. for a debt owed to Defendant LVNV Funding, LLC by Plaintiff Daniel Motherway.

In order to collect the debt owed to their client, LVNV, Gordon communicated with Motherway via letter and telephone, and subsequently commenced a legal action against him in the Pierce County District Court.

Motherway (the plaintiff here) now alleges violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*, and the Washington Collection Agency Act ("WCAA"), RCW Chapter 19.16. He claims that Gordon failed to include required information in litigation documents sent to him in the Pierce County case, and that Gordon unlawfully requested permission from that court to contact third parties regarding his debt.

Order - 1

Defendant Gordon argues that no required information was omitted from any communication with Motherway, that requesting a court's permission to contact third parties does not violate the FDCPA, and that Gordon is not regulated by the WCAA because it is not a collection agency.

For the reasons that follow, Gordon's Motion for Summary Judgment [Dkt. #20] is GRANTED and Motherway's claims against Gordon are DISMISSED with prejudice. Motherway's Cross-Motion for Partial Summary Judgment [Dkt. #23] is DENIED.

**I.   FACTS**

Motherway built up a $1,110.96 credit card debt to Sears. LVNV purchased the debt from Sears and hired Gordon, a law firm with roughly 95% of its business in credit card debt collection, as their legal counsel for a collection lawsuit against Motherway.

Gordon's initial communication to Motherway was via letter dated August 2, 2008, which stated "[t]his firm has been retained with the authority to file a lawsuit against you for a debt owed by you to LVNV Funding…[t]his communication is from a debt collector. This is an attempt to collect a debt, and any information obtained will be used for that purpose." [Aylworth Aff., Dkt. #21, at Ex. 1]. On August 21, 2008, Gordon and Motherway had a phone conversation in which Gordon repeated that it was a debt collector attempting to collect a debt. Gordon had no other communications with Motherway between August 2, 2008 and October 30, 2008.

On October 30, 2008, Gordon sent a case cover sheet, summons, and complaint[1] to the Pierce County District Court for filing. None of these documents contained language identifying Gordon as a debt collector. The complaint contained a request that "[t]he Court authorize Plaintiff, its agents, attorneys and assigns to contact third persons and entities for the purpose of collecting its judgment entered in this court. The Court should also authorize Plaintiff, its agents, attorneys and assigns to reveal the existence of Defendant's debt to such third persons and entities." *Id*. at Ex. 3. The summons and complaint were later served on

---

[1] The complaint sought money damages for breach of contract. [*See* Aylworth Aff., Dkt. # 21., at Ex. 3]

Order - 2

Motherway, who filed a pro se answer asserting a statute of limitations defense on December 17, 2008. *See Id.* at Ex. 4.

On or about January 5, 2009, Gordon mailed Requests for Admissions with a cover letter to the Pierce County District Court for filing. Gordon also mailed both documents to Motherway. Neither contained language identifying Gordon as a debt collector. On June 22, 2009, Gordon mailed a Note for Motion Docket, Notice of Hearing, Motion for Summary Judgment and Affidavit, Proposed Order, Proposed Money Judgment, and cover letter to the Pierce County District Court and to Motherway. None of the documents contained language identifying Gordon as a debt collector. On July 9, 2009, Gordon mailed an Amended Note for Motion Docket, Amended Notice of Hearing, and cover letter to the Pierce County District Court and to Motherway. Again, the documents did not identify Gordon as a debt collector.

Plaintiff Motherway filed this action against Gordon and LVNV on September 28, 2009, alleging violations of the FDCPA and WCAA. [Dkt. #1, Complaint]. He filed his First Amended Complaint [Dkt. #4] on October 19, 2009. Gordon filed its Motion for Summary Judgment [Dkt. #20] on May 21, 2010, seeking dismissal of all claims against it. Motherway filed his Response and Cross-Motion for Partial Summary Judgment [Dkt. #23] on June 7, 2010, seeking denial of Gordon's motion and judgment against Defendants on the issue of FDCPA liability. This court granted Motherway's Motion for Leave to Withdraw his Motion for Partial Summary Judgment *Against LVNV Funding Only* [Dkt. #30] on July 9, 2010.

## II.  DISCUSSION

### A.  Summary Judgment Standard

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact which would preclude summary judgment as a matter of law. Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to present, by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient." *Triton Energy Corp.*

*v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995). Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In other words, "summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable [fact finder] could return a [decision] in its favor." *Triton Energy*, 68 F.3d at 1220.

Here, the material facts are undisputed. [*See* Dkt. #24, Defendants' Reply; Dkt. #27, Plaintiff's Reply]. The only issue is whether post-complaint litigation filings must reiterate that they are an effort to collect a debt under the FDCPA and WCAA. This is a legal question amenable to resolution by summary judgment.

**B.     FDCPA Claims**

**1.     Communications between Gordon and Motherway**

Motherway brings his first claim alleging Defendants' violations of the FDCPA. He correctly asserts that Gordon did not notify him in post-pleading litigation documents that the communication was from a debt collector. FDCPA § 1692e places certain disclosure requirements on communications between a debt collector and debtor:

> Without limiting the general application of the foregoing, *the following conduct is a violation of this section*:
>
> (11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the *failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action*.

15 U.S.C. § 1692e (emphasis added).

Motherway focuses on the technical definition of "pleading," arguing that it does not include litigation documents other than complaints, answers, and replies. CR 7. From this, he infers that subsequent litigation documents, such as motions for summary judgment and requests for admission, are not exempt from the requirement of notice that the communication

Order - 4

is from a debt collector. While it is true that the statutory language can theoretically be construed in Motherway's favor, such an interpretation goes against common sense and will not be adopted by this court.

Here, the initial communication between Gordon and Motherway contained all of the requisite information. [*See* Aylworth Aff., Dkt. #21, at Ex. 1]. In the subsequent phone call Gordon identified itself as a debt collector. The summons and complaint subsequently served on Motherway did not include this language. This omission is specifically permitted under the FDCPA § 1692e(11) exemption for formal pleadings made in connection with litigation.

It does not make sense that Gordon is required to re-affirm its status as a debt collector in subsequent, post-pleading litigation documents. Motherway has cited no authority for the novel proposition that motions for summary judgment[2] are subject to § 1692e(11), and that a creditor or his lawyer risks becoming a debtor if he fails to reiterate that the purpose of the debt collection lawsuit is to collect a debt. The court can find no such authority, and is unwilling to be the first to apply the FDCPA in this fundamentally nonsensical manner.

**2.      Request for Third Party Communications**

Motherway correctly asserts that in the underlying Pierce County case Gordon requested permission from that court to contact third persons and entities regarding Motherway's debt and the collection of a judgment. [*See* Aylworth Aff., Dkt. #21, at Ex. 3]. However, Motherway incorrectly alleges that this constitutes "unfair and unconscionable means against Plaintiff in connection with an attempt to collect a debt." [Dkt. #4, First Amended Complaint]. FDCPA § 1692c(b) specifically permits a debt collector to request permission from a court to contact third parties regarding the debt:

> Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, *or the express permission of a court* of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

---

[2] Motion for summary judgment is used as an example referring to all post-pleading litigation documents. Others relevant to this case include request for admissions, notice of hearing, note for motion docket etc.

15 U.S.C. § 1692c(b) (emphasis added). Motherway argues that contacting third parties is not reasonably necessary for the purpose of collecting on a judgment against him, and thus "[Gordon] requested that the court authorize [it] to take action prohibited by the FDCPA," and "[a]sking a court to grant [Gordon] the authority to violate the FDCPA would be an unconscionable tactic." [Dkt. #4].

Gordon is not asking permission to violate the FDCPA. Rather, Gordon closely adheres to the FDCPA, as requesting the express permission of a court of competent jurisdiction to contact third parties regarding the debt is unambiguously prescribed in § 1692c(b). Gordon is not threatening Motherway or using any unconscionable tactics, but merely following the proper steps to lawfully take what it sees as an appropriate measure in the debt collection lawsuit. The reasonableness and necessity of contacting third parties is for the underlying court to decide, and has no bearing on Gordon's compliance with the FDCPA[3].

Viewing the evidence in the light most favorable to Motherway, he cannot establish that Gordon violated the FDCPA in its legal filings or in its request to contact third parties regarding Motherway's debt. Accordingly, Motherway's FDCPA claims fail as a matter of law and Gordon's motion for summary judgment dismissing them is GRANTED. Motherway's cross-motion for summary judgment on his FDCPA claims is DENIED[4].

**C.     WCAA Claims**

Motherway also claims that Gordon's actions violated the WCAA, and in turn the Washington Consumer Protection Act, RCW Chapter 19.86. *See* RCW 19.16.440. The WCAA regulates "collection agencies," but specifically does not apply to lawyers:

> (3) "Collection agency" does not mean and *does not include*:
>
> (c) Any person whose collection activities are carried on in his, her, or its true name and are confined and are directly related to the operation of a business other than that of a collection agency, such as but not limited to: Trust companies; savings and loan associations;…; *lawyers*; insurance companies; credit unions; loan or finance companies; mortgage banks; and banks

---

[3] The reasonableness of contacting third parties would only matter if Gordon had done so without permission from the court or from Motherway.

[4] Motherway already withdrew his cross-motion for partial summary judgment against LVNV.

Order - 6

RCW 19.16.100 (emphasis added).

Gordon's collection activities are confined and directly related to the operation of another business: a law firm. While Gordon specializes in debt collection legal work, it is first and foremost a law firm. In other words, Gordon's business is the practice of law, through which it often engages in debt collection activities. Gordon does not engage in debt collection activity outside of the legal realm, i.e. the litigation of debt collection cases. Even the initial letter sent by Gordon to Motherway before filing the complaint states "[t]his firm has been retained with the authority to file a lawsuit against you for a debt owed…" [Aylworth Aff., Dkt. #21, at Ex. 1].

Because Gordon is a law firm which only engages in the legal aspects of debt collection, it is not a "collection agency" for the purposes of WCAA regulation. Accordingly, Motherway's claim alleging Gordon's violations of the WCAA fails as a matter of law, and Gordon's motion for summary dismissal of this claim is GRANTED.

## CONCLUSION

Gordon's Motion for Summary Judgment [Dkt. #20] is GRANTED, and Motherway's claims against Gordon are DISMISSED with prejudice. Plaintiff's Cross-Motion for Partial Summary Judgment [Dkt. #23] is DENIED. Motherway's claims against the remaining defendant are not addressed by this order.

**IT IS SO ORDERED.**

DATED this 15th day of July, 2010

　　　　　　　　　　　　　　　　　　　　/s/ Ronald B. Leighton
　　　　　　　　　　　　　　　　　　　　RONALD B. LEIGHTON
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE